J-S78007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JULIAN DAIN MCDONALD | : | |
| | : | |
| Appellant | : | No. 340 WDA 2017 |

Appeal from the PCRA Order January 31, 2017
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000328-2009

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 04, 2018**

Appellant, Julian Dain McDonald, appeals from the order entered on January 31, 2017, dismissing his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

On September 9, 2010, a jury found Appellant guilty of possession with the intent to deliver a controlled substance ("PWID"), criminal conspiracy, and possession of drug paraphernalia.[1]  On October 18, 2010, the trial court sentenced Appellant to serve an aggregate term of six to 11 years in prison for his convictions; the term of imprisonment included a flat, five-year mandatory minimum sentence under the then-operable 18 Pa.C.S.A. § 7508(a)(1)(iii), because Appellant was convicted of PWID and

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903(a)(1), and 35 P.S. § 780-113(a)(32), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

the trial court determined that Appellant possessed "at least 50 pounds" of marijuana. *Id.*; *see also* N.T. Sentencing Hearing, 10/18/10, at 3 and 13-15.

On July 27, 2011, this Court affirmed Appellant's judgment of sentence and, on February 23, 2012, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. McDonald**, 32 A.3d 283 (Pa. Super. 2011) (unpublished memorandum) at 1-22, *appeal denied*, 40 A.3d 120 (Pa. 2012).

Appellant filed his first PCRA petition on March 15, 2012. The PCRA court appointed counsel and, after an evidentiary hearing, the PCRA court denied Appellant relief. PCRA Court Order, 9/25/13, at 1. We affirmed the PCRA court's order on October 14, 2014 and our Supreme Court denied Appellant's petition for allowance of appeal on April 24, 2015. **Commonwealth v. McDonald**, 108 A.3d 114 (Pa. Super. 2014) (unpublished memorandum) at 1-14, *appeal denied*, 114 A.3d 1039 (Pa. 2015).

On March 23, 2016, Appellant filed the current petition under the PCRA; the petition constitutes Appellant's second PCRA petition. Within Appellant's *pro se* PCRA petition, Appellant claimed that he was entitled to post-conviction collateral relief because his sentence is illegal. Appellant's *Pro Se* Second PCRA Petition, 3/23/16, at 2-3. Specifically, Appellant claimed that he was sentenced to a mandatory minimum term of incarceration under 18 Pa.C.S.A. § 7508 and, in **Alleyne v. United States**,

___ U.S. ___, 133 S.Ct. 2151 (2013), the United States Supreme Court effectively rendered Section 7508 unconstitutional. *Id.* at 2. Moreover, Appellant recognized that his petition was facially untimely under the PCRA. However, Appellant claimed that his petition fell within the newly recognized constitutional right exception to the PCRA's one-year time-bar. *Id.* at 1. In particular, Appellant claimed that he filed his second PCRA petition within 60 days of the date the United States Supreme Court decided ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016). Appellant claimed that, in ***Montgomery***, the Supreme Court made ***Alleyne*** "retroactively applicable to [Appellant]" and that Appellant was thus entitled to relief under the PCRA. *Id.* at 1-3.

The PCRA court appointed counsel to represent Appellant and, on June 2, 2016, counsel filed an amended petition on Appellant's behalf. The amended petition reiterated the substantive claim and jurisdictional assertion contained in Appellant's *pro se* second PCRA petition. ***See*** Appellant's Amended Second PCRA Petition, 6/2/16, at 1-6.

On November 3, 2016, the PCRA court heard oral argument on the case and, on January 31, 2017, the PCRA court denied Appellant post-conviction collateral relief. PCRA Court Order, 1/31/17, at 1. Appellant filed a timely notice of appeal; Appellant raises one claim on appeal:

> Whether or not [***Alleyne***] and ***Commonwealth v. Hopkins***[, 117 A.3d 247 (Pa. 2015)] must be retroactive based upon ***Montgomery v. Louisiana***, thereby resulting in [Appellant's] mandatory sentence being unconstitutional and entitling him to relief under the [PCRA]?

- 3 -

Appellant's Brief at 5.

We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Opinion, 1/31/17, at 1-3. We agree. Appellant's

- 4 -

judgment of sentence became final at the end of the day on May 23, 2012, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S. Sup. Ct. R. 13.1. The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until May 23, 2013 to file a timely PCRA petition. Since Appellant filed his current petition on March 23, 2016, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

. . .

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007),

*quoting* *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)

(internal corrections omitted).  Moreover, since the plain statutory language

of section 9545 demands that the PCRA petition "allege" all elements of the

statutory exception, it is clear that – to properly invoke the "newly

recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's second PCRA petition, Appellant claims that his sentence is illegal because he was sentenced to a mandatory minimum term of incarceration under 18 Pa.C.S.A. § 7508 and, in *Alleyne*, the United States Supreme Court effectively rendered Section 7508 unconstitutional. Moreover, Appellant claims that the United States Supreme Court's opinion in *Montgomery v. Louisiana* rendered *Alleyne's* holding retroactive to his case. *See* Appellant's *Pro Se* Second PCRA Petition, 3/23/16, at 1-3; Appellant's Amended Second PCRA Petition, 6/2/16, at 1-6.

Appellant's claim fails because *Montgomery* did not concern *Alleyne* at all. Rather, *Montgomery* concerned the retroactive application of *Miller v. Alabama* – and *Miller v. Alabama* held that the Eighth Amendment prohibited mandatory life sentences without parole for juveniles convicted of a homicide offense. *See Montgomery*, 136 S.Ct. at 725. In this case, Appellant was not a juvenile when he was convicted of the non-homicide offense of possession of marijuana with the intent to deliver, and Appellant did not receive a mandatory sentence of life in prison without the possibility of parole. Thus, neither *Montgomery* nor *Miller* apply to the case at bar.

Further, any claim under *Alleyne* immediately fails, as Appellant did not raise his *Alleyne* claim "within 60 days of the date the claim could have

been presented." 42 Pa.C.S.A. § 9545(b)(2).[2] Rather, the first time Appellant raised his *Alleyne* claim was in his March 23, 2016 PCRA Petition – which was over two years after the United States Supreme Court decided *Alleyne* and over 10 months after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, following the dismissal of Appellant's first PCRA petition.[3] *See* Appellant's *Pro Se* Second PCRA Petition, 3/23/16, at 1-3. Thus, Appellant failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) ("[w]ith regard to [the newly-]recognized constitutional right [exception], . .

---

[2] Moreover, neither the United States Supreme Court nor our Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. Indeed, in *Commonwealth v. Washington*, the Pennsylvania Supreme Court expressly held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). As such, for this independent reason, *Alleyne* does not satisfy the newly-recognized constitutional right exception set forth at § 9545(b)(1)(iii). *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases").

[3] The United States Supreme Court decided *Alleyne* on June 17, 2013; the PCRA court dismissed Appellant's first PCRA petition on September 25, 2013; and, after Appellant's first PCRA petition was dismissed, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 24, 2015.

. the [60-]day period begins to run upon the date of the underlying judicial decision").

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[4] *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018

---

[4] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).